FILED

2019 SEP 26  PM 3: 34

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| BONITA BETTS GRIMES )<br><br>)<br>)<br>)<br>)<br>Plaintiff )<br>)<br>)<br>)<br>v. )<br>)<br>GOLDEN ACRES )<br>PARTNERS; AM. L.T. )<br>SERVICES, INC.; THE )<br>PORT LAWRENCE TITLE )<br>COMPANY; UNITED )<br>MIDWEST SAVINGS BANK; )<br>FLAGSTAR BANK; CHASE; )<br>FEDERAL NATIONAL )<br>MORTGAGE ASSOCIATION;)<br>SETERUS, INC; CALIBER )<br>HOME LOANS; U.S. BANK )<br>)<br>)<br>Defendants )<br>) | CASE NO. **3:19 CV 2241**<br><br>JUDGE **JUDGE JAMES G. CARR**<br>**MAG. JUDGE JAMES R. KNEPP II**<br><br>COMPLAINT FOR VIOLATIONS OF:<br><br>(1) SECTION 404 OF THE CLEAN<br>   WATER ACT<br>(2) NATIONAL ENVIRONMENTAL<br>   POLICY ACT (NEPA)<br>(3) FRAUD: FAILURE TO DISCLOSE<br>   FEDERAL WETLANDS<br>(4) NUISANCE<br><br>**[JURY TRIAL DEMANDED]** |

GOLDEN ACRES PARTNERS
C/O COLIN GILL
OWNER/PARTNER
7221 ELLI HARBOUR LANE
MAUMEE, OH 43537

AM. L.T. SERVICES, INC.
C/O MIDLAND TITLE
401 ADAMS STREET
TOLEDO, OH 43604

THE PORT LAWRENCE TITLE COMPANY
C/O MARGRETTA RENZ LASKEY
PRESIDENT
2517 ORCHARD ROAD
TOLEDO, OH 43606

UNITED MIDWEST SAVINGS BANK
ATTN: LEGAL DEPARTMENT
6460 BUSCH BLVD, #200
COLUMUBUS, OH 43229

FLAGSTAR BANK
ATTN: LEGAL DEPARTMENT
5151 CORPORATE DRIVE
TROY, MI 48098

FEDERAL NATIONAL MORTGAGE ASSOCIATION
CHASE
SETERUS, INC.
ANGELA D. KIRK
PO BOX 165028
COLUMBUS, OH 43216

U.S. BANK
CALIBER HOME LOAN
JACQUELINE M WIRTZ
PO BOX 165028
COLUMBUS, OH  43216

2

Plaintiff Bonita Betts Grimes, 8427 Stable Court, Holland, Ohio 43528, allege the following:

## 1.    NATURE OF THE ACTION

1.    This is an action for relief from the failure to obtain federal wetlands permit that resulted in unlawful construction of 8427 Stable Court, Holland, Ohio in violation of Section 404 of the Clean Water Act, the Ohio Environmental Protection Agency.

2.    Plaintiff Bonita Betts Grimes alleges that Defendants Golden Acres Partnership, AM. L. T. Services, Inc., and The Port Lawrence Title and Trust Company also failed to comply with National Environmental Policy Act (NEPA), and provide the required Environmental Impact Statement (EIS) that delineated the impact of wetlands for known pollutants from prior land use as a farm (1940 - 1960) and a horse stable (1974 - 1993). Defendants purchased the land in 1990. Defendants United Midwest Savings Bank and Flagstar Bank failed to obtain wetlands permit and Environment Impact Statement (EIS) thereby providing financing and aiding the unlawful construction in federal wetlands.

3.    Plaintiff further alleges that the Defendants Golden Acres Partnership, AM. L. T. Services, Inc., and The Port Lawrence Title and Trust Company did not disclose that the land was in fact federal wetlands.  Federal wetlands have no marketability and thus the value of the land was zero, but Defendants Golden

3

Acres Partnership, AM. L. T. Services, Inc., and The Port Lawrence Title and Trust Company further perpetrated the fraud by not disclosing the federal wetlands and selling worthless land to the Plaintiff for fifty thousand five hundred dollars ($50,500.00). Defendants United Midwest Savings Bank financed the purchase of the land at the time the construction loan was executed, and Flagstar Bank financed the construction-to-permanent loan in the amounts of two hundred thirty-three thousand four hundred and fifteen dollars ($233,415.00) and two hundred forty-three thousand five hundred dollars ($243,500.00) respectively, aiding the fraud perpetrated by the Defendants Golden Acres Partnership, AM. L. T. Services, Inc., and The Port Lawrence Title and Trust Company.

4.     Plaintiff further allege that Defendants Golden Acres Partnership, AM. L. T. Services, Inc., and The Port Lawrence Title and Trust Company have created an absolute nuisance by collectively violating Section 404 of the Clean Water Act, failure to assess and provide an Environmental Impact Statement (EIS) in violation of the National Environmental Policy Act (NEPA), fraudulently failing to disclose federal wetlands at the time of sale, and not disclosing that the federal wetlands have no marketability and therefore no value. Defendants United Midwest Savings Bank, Flagstar Bank, Federal National Mortgage Association, Chase, Seterus, Inc., Caliber Home Loans, and U.S. Bank have all profited from the nuisance.

## II.   THE PARTIES

5.     Plaintiff Bonita Betts Grimes is a self-employed.

6.     Defendant Golden Acres Partnership, an Ohio General Partnership.

7.     Defendant AM. L.T. Services, Inc., Trustee executed a deed with Golden Acres Partnership on March 7, 1996.

8.     Defendant The Port Lawrence Title and Trust Company an Ohio Corporation executed a deed with AM. L.T. Services, Inc. on August 12, 1996.

9.     Defendant United Midwest Savings Bank underwrote and financed the purchase of the land and construction of the home at 8427 Stable Court, Holland, Ohio.

10.    Defendant Flagstar Bank underwrote and financed the construction-to-permanent loan of the home at 8427 Stable Court, Holland, Ohio.

11.    Defendant Fannie Mae Federal National Mortgage Association as owner of the mortgage of the home at 8427 Stable Court, Holland, Ohio.

12.    Defendant Chase mortgage servicer of the home at 8427 Stable Court, Holland, Ohio.

13.    Defendant Seterus, Inc., mortgage servicer of the home at 8427 Stable Court, Holland, Ohio.

14.    Defendant U.S. Bank owner of the mortgage loan of the home at 8427 Stable Court, Holland, Ohio.

15.    Caliber Home Loans, servicer of the home at 8427 Stable Court, Holland, Ohio.

### III.    JURISDICTION AND VENUE

16.    This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

17.    This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution.  Plaintiff's state law claims share all common operative facts with federal law claims, and the parties are identical.  Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

18.    Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b).

### IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

19.    Plaintiff  became aware that land is hydric soil on or about March 7, 2019.

20.    Plaintiff has timely filed this action to bring this lawsuit.

## V.   FACTUAL ALLEGATIONS

21.   At all times material to this action, Plaintiff Bonita Betts Grimes interacted directly to purchase and finance 8427 Stable Court, Holland, Ohio.

22.   In or around September 12, 2015, Plaintiff became ill with what appeared to be a respiratory infection, and never recovered.  Plaintiff began to cough violently and for extended periods of time.

23.   Plaintiff was unable to work, Plaintiff was bedridden at times or just cognitively disconnected.

24.   The severity and duration of the illnesses that followed were inexplicable. Plaintiff began to believe that illness was from contracting the whooping cough. As the coughing persisted, Plaintiff contacted the local health department in 2016 to determine if there had been a noticeable increase in cases of the whooping cough.

25.   When the coughing and other ailments would not cease, it was thought that perhaps a second infection of whooping cough may have occurred or that it had turned into bronchiectasis, which symptoms could last for two years.

26.   During this time Plaintiff continued to experience a variety of illnesses with different levels of severity that left the Plaintiff incapacitated or with limited cognitive function.

7

27. By October 2017, and well into 2018, Plaintiff was unable to lie flat without coughing violently.

28. In April 2018, Plaintiff was awakened while sleeping overnight, by a skunk-like vapor that permeated the Plaintiff's bedroom approximately two or three times over a two-week period.

29. On May 12, 2018, Plaintiff experienced what can best be described as the onset of chronic obstructive pulmonary disease ("COPD").

30. In June 2018, Plaintiff's doctor believed that symptoms were the result of an over active immune system.

31. On or about September 8, 2018, Plaintiff experienced another onset of COPD.

32. The foul odor that had permeated Plaintiff's bedroom in April 2018, was not the first occurrence.

33. The same skunk-like odor had the ability to channel itself into the Plaintiff's downstairs bathroom dating back nine (9) to eleven (11) years.

34. In late September 2018, Plaintiff started to investigate if the house had been in fact making the Plaintiff sick, as a result of the odors that had been permeating the air of the home.

8

35.    On December 11, 2018, Plaintiff had what was thought to be routine blood test, and it was discovered that Plaintiff was suffering from a near fatal blood disorder.  Plaintiff's doctor repeatedly told Plaintiff that "something caused this!"

36.    In late February 2019, after calling numerous county, state, and federal agencies, the Plaintiff called Lucas County Soil and Water Conservation District ("LCSWCD").

37.    During this call with LCSWCD the Plaintiff heard the words "soil contamination."

38.    Plaintiff Googled "soil contamination" after the conversation with LCSWCD.  Plaintiff found information that gave Plaintiff an official name for what Plaintiff had been experiencing over an extended period of nine (9) to eleven (11) years - "Vapor Intrusion."

39.    On March 7, 2019, LCSWCD returned information that the source of Plaintiff's illness could be the result of contamination from a farm (1940 - 1960), a horse stable (1973 - 1990), and that the house was sitting on "hydric soil" and perhaps moisture had caused the buildup of mold.

40.    Plaintiff had no knowledge of hydric soil, a Google search indicated that it was one of three forms of wetlands.

42.    Plaintiff learned that wetlands required a permit prior to construction and an Environmental Impact Statement ("EIS").

43.   Plaintiff contacted Ohio EPA and U.S. Corp of Army Engineers and verified that there was no wetland permit applied for by the Defendants Golden Acres Partnership, AM. L. T. Services, Inc., and The Port Lawrence Title and Trust Company.

44.   Plaintiff was told there had been no environmental impact study completed.

## VI.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
Fraud: Failure to Disclose Federal Wetlands and Worthless Nature of Federal Wetlands

45.   Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 44, above.

46.   Disclosure of defects in real estate transactions are covered by federal and state laws.

47.   As a direct, legal and proximate result of the fraud: failure to disclose, Plaintiff has sustained, and will continue to sustain, health, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

48.   Defendants' Golden Acres Partnership, AM. L.T. Services, Inc., and The Port Lawrence Title and Trust Company unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to know the environmental and economic impact of federal wetlands.

10

49.    Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

## SECOND CLAIM FOR RELIEF
Failure to Comply with National Environmental Policy Act (NEPA)
Absolute Nuisance

50.    Defendants Golden Acres Partnership, AM. L.T. Services, Inc., and The

Port Lawrence Title and Trust Company failed to comply with National

Environmental Policy Act (NEPA) and provide the required Environmental Impact

Statement (EIS).

51.    Environmental Impact Statements (EISs) are required under the National

Environmental Policy Act (NEPA). An environmental impact statement is required

for federally controlled projects that have the potential to cause significant

environmental impacts.

52.    A project is considered federally controlled when it requires federal

licensing, federal funding, or is undertaken by the federal government.

53.    Federal agencies use the EIS as one basis for their decisions and to inform

the public about environmental impacts caused by the proposed action.

54.    Defendants Golden Acres Partnership, AM. L.T. Services, Inc., and The

Port Lawrence Title and Trust Company created an absolute nuisance which

involves a wrongful act that was intentional and unlawful.

55. This absolute nuisance results from the acts and/or omissions of the Defendants', which began at least 18 years ago, and continue through the time of the filing of this complaint.

56. Plaintiff purchased the lot known as 8427 Stable Court, Holland, Ohio on October 4, 2001, believing it to be a safe place to live, and has resided there since the completion of construction in the summer of 2003.

57. The premise is in fact on wetlands and based on prior land use contaminated and uninhabitable. Defendants' actions showed no regards for the health and well-being of the Plaintiff or any other homeowner who would come to live there. No one builds or buys a house to die. Defendants' intentional and unlawful actions of developing land without obtaining a 404 Federal Wetland Permit and performing an assessment and providing an Environmental Impact Statement (EIS) as required under the National Environmental Policy Act (NEPA) has amounted to a death sentence.

58. The Defendants' actions have resulted in unlawful interference with the Plaintiff's use and enjoyment of land. As a direct, legal and proximate result of the absolute nuisance, Plaintiff has sustained, and will continue to sustain, health issues, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

59.    Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

## THIRD CLAIM FOR RELIEF
Fraud: Failure to Disclose Federal Wetlands and Worthless Nature of Federal
Wetlands

60.    Lender Liability Under Environmental Laws in Real Estate Transactions
https://www.lexisnexis.com/lexis-practice-advisor/the-journal/b/lpa/posts/lender-liability-under-
environmental-laws-in-real-estate-transactions

61.    In addition, environmental conditions, most notably soil and groundwater

contamination, can adversely impact the value of the collateral and must be

assessed both before issuing a loan and in advance of any potential foreclosure.

62.    …..Furthermore, secured creditor protections generally do not extend to

costs associated with continuing or prospective compliance obligations, such as air

emissions or wastewater discharges from the foreclosed-upon site, and will not

protect a lender from common law liability, such as claims for toxic torts,

nuisance, or neighboring property damages.

63.    Defendants' United Midwest Savings Bank and Flagstar Bank failed to

exercise due diligence in their underwriting process for new construction to ensure

that the collateral was worth the amount being financed, and  free from defects;

wetlands and soil contamination.

64.    Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

## FOURTH CLAIM FOR RELIEF
Private Nuisance

65.   In addition, environmental conditions, most notably soil and groundwater contamination, can adversely impact the value of the collateral and must be assessed both before issuing a loan and in advance of any potential foreclosure.

66.   …..Furthermore, secured creditor protections generally do not extend to costs associated with continuing or prospective compliance obligations, such as air emissions or wastewater discharges from the foreclosed-upon site, and will not protect a lender from common law liability, such as claims for toxic torts, nuisance, or neighboring property damages.

67.   Defendants' United Midwest Savings Bank, Flagstar Bank, Fannie Mae Federal National Mortgage Association, Chase, Seterus, Inc., Caliber Home Loans, U.S. Bank created a private nuisance by financing and profiting from the mortgage loan.

68.   This act results from the acts and/or omissions of the Defendants' which began at least 18 years ago and continue through the time of this filing of this complaint.

69.   Plaintiff purchased the lot known as 8427 Stable Court, Holland, Ohio on October 4, 2001 believing it to be a safe place to live, and has resided there since the completion of construction in the summer of 2003.

70.    The premise is in fact on wetlands and based on prior land use
contaminated and uninhabitable. Defendants' failure at due diligence aided the
unlawful actions of developing land without obtaining a 404 Federal Wetland
Permit and assessing and providing an Environmental Impact Statement (EIS).

71.    The Defendants' financing and profiting from a mortgage on a property
that was constructed in violation of federal law, which has resulted in unlawful
interference with the use and enjoyment of land by the Plaintiff. As a direct, legal
and proximate result of the private nuisance, Plaintiff has sustained, and will
continue to sustain, health, economic and emotional injuries, resulting in damages
in an amount to be proven at trial.

72.    Plaintiff is entitled to reasonable attorneys' fees and costs of suit.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.    For a declaration that Defendants' actions, policies, and practices as
alleged herein are unlawful and negligent;

2.    For all monies paid for construction and construction-to-permanent,
and to date;

3.    For compensatory damages for Plaintiffs' emotional pain and
suffering, in an amount to be proven at trial;

4.    For punitive damages in an amount to be determined at trial;

5.    For liquidated damages;

6.    For interest on all monies paid from construction to present,

compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

    7.     For an order enjoining Defendants from engaging in the unlawful acts complained of herein;

    8.     For reasonable attorneys' fees and costs of suit.

    9.     For such other and further relief as this Court deems just and proper.


Dated: September 26, 2019          Respectfully submitted:

By: _Bonita Grimes_

Plaintiff
Bonita Betts Grimes
8427 Stable Court
Holland, OH 43528

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all causes of action and claims to which they have a right to a jury trial.


Dated: September 26, 2019          Respectfully submitted:

By: _Bonita Grimes_

Plaintiff
Bonita Betts Grimes
8427 Stable Court
Holland, OH 43528